UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THOMAS TOLLEFSRUD, <u>et al.</u>,

      Plaintiffs,

v.                           **MEMORANDUM OF LAW & ORDER**
                                Civil File No. 13-2201 (MJD/JJG)

KARL F. SOLUM and SUZANNE K. SOLUM,

      Defendants.

Karen Budd-Falen, Budd-Falen Law Offices LLC, and Jeffrey C. Thompson, Howse & Thompson, PA, Counsel for Plaintiffs.

Jed J. Hammell, Rippe Hammell & Murphy, PLLP, Counsel for Defendants.

     The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Jeanne J. Graham dated November 19, 2013.  Plaintiffs filed objections solely to the portion of the Report and Recommendation recommending that some of Plaintiffs' claims should be dismissed pursuant to the <u>Younger</u> abstention doctrine.  Defendants did not file any objections.

     Pursuant to statute, the Court has conducted a <u>de novo</u> review upon the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the

1

Court declines to adopt Section III(D), entitled "Younger," and the second paragraph of Section IV, entitled "CONCLUSION," of the Report and Recommendation.  The Court adopts the remainder of the Report and Recommendation.

With respect to application of Younger abstention, the Report and Recommendation relied upon the legal standard set forth in Sprint Communications Co., L.P. v. Jacobs, 690 F.3d 864 (8th Cir. 2012), to determine that abstention was appropriate.  On December 10, 2013, after the Report and Recommendation was issued, the United States Supreme Court issued its opinion in Sprint Communications, Inc. v. Jacobs, 134 S. Ct. 584 (2013).  The Supreme Court reversed the Eighth Circuit Court of Appeals' decision applying the Younger doctrine, held that the Eighth Circuit's criteria for use of Younger abstention was overly permissive, and adopted a more restrictive test for application of the Younger doctrine.  The Supreme Court held that Younger abstention applies in only three categories of cases:

> First, Younger preclude[s] federal intrusion into ongoing state criminal prosecutions.  Second, certain civil enforcement proceedings warrant[] abstention.  Finally, federal courts refrain[] from interfering with pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.

Id. at 591 (citations omitted).

This case does not fall under any of the three categories.  Here, there is no ongoing state criminal prosecution.  Nor is there a state civil enforcement proceeding.  Finally, the ongoing proceedings in Houston County District Court do not involve orders uniquely in furtherance of the state court's ability to perform its judicial function.  This third category would apply to a situation in which, for example, a party filed suit in federal court to prevent a state court from enforcing its own civil contempt order, see Sprint Commc'ns, Inc.,134 S. Ct. at 592 (citing Juidice v. Vail, 430 U.S. 327, 336 n.12 (1977)), or to prevent enforcement of a state's requirement for posting bond on appeal, see id. (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 13 (1987)).  Plaintiffs in this case do not seek to interfere with the state court's ability to perform its judicial function.  Because this case does not fall into one of the three limited categories of cases listed in Sprint Communications, Younger abstention cannot apply.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Report and Recommendation of United States Magistrate Judge Jeanne J. Graham dated November 19, 2013 [Docket No. 25] as follows:

    the Court **DECLINES TO ADOPT** Section III(D), entitled "<u>Younger</u>,"
    and the second paragraph of Section IV, entitled "CONCLUSION;" and
    the Court **ADOPTS** the remainder of the Report and Recommendation

2. Defendants Karl F. Solum and Suzanne K. Solum's Motion to Dismiss Complaint [Docket No. 8] is **DENIED**.

Dated:  January 3, 2014           <u>s/ Michael J. Davis</u>
                                       Michael J. Davis
                                       Chief Judge
                                       United States District Court